# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1770
Filed: May 24, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| RICHARD STAVALE, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Decision on Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Michael Avrim Firestone*, Marvin Firestone, MD, JD and Associates, San Mateo, CA, for petitioner.
*Zoe Wade*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On December 4, 2020, Richard Stavale ["Mr. Stavale" or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed unilateral diaphragm paralysis after receiving flu and Prevnar 13 vaccines on November 1, 2018. Petition, ECF No. 1. On May 16, 2023, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 34).

On November 15, 2023, petitioner filed an application for final attorneys' fees and costs. ("Fees App.") (ECF No. 38). Petitioner requests total attorneys' fees and costs in the amount of $33,420.22, representing $27,551.01 in attorneys' fees and $5,869.21 in costs. Fees App. at 1. Pursuant to General Order No. 9, petitioner has indicated he has not personally incurred any costs

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

related to the prosecution of his petition. Fees App. at 34. Respondent responded to the motion on November 16, 2023, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise [her] discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 39). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

**A.    Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human*

*Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates for the work of his counsel at Marvin Firestone, MD, JD and Associates:

|  | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|
| Michael Firestone | $311.20 | $365 | $381.34 | $425 |
| Meghan Shiner | - | $185 | - | - |
| Jody Chan (paralegal) | $150 | $150 | $150 | - |
| John Bellanca (paralegal) | - | - | $180 | $180 |
| Patricia Barrick (nurse/paralegal) | - | - | $225 | - |

The rates requested for Mr. Michael Firestone for the years 2020-2022 have previously been awarded in the program. *Knippschild v. Sec'y of Health & Human Serv.,* No. 20-0965V, 2022 WL 17968803, at *1 (Fed. Cl. Spec. Mstr. Dec. 23, 2022). Mr. Michael Firestone has requested an increase of his 2023 rate to $425 per hour. The Marvin Firestone, MD, JD and Associates firm has been recognized to practice in forum, entitling them to commensurate rates established in *McCulloch*. *See Stanford v. Sec'y of Health & Human Servs.*, No. 14-1216V, 2016 WL 3176599, at *1-2 (Fed. Cl. Spec. Mstr. May 16, 2016); *Caredio v. Sec'y of Health & Human Servs.*, No. 17-0079V, 2022 WL 1532309, at *3 (Fed. Cl. Spec. Mstr. Apr. 19, 2022). Mr. Michael Firestone has been a licensed attorney since 2012 and has an MBA graduate level degree, amounting to 12 years of experience (Fees App. at 3, 5), placing him in the range of attorneys with 11-19 years' experience for time billed in 2023 based on the OSM Attorneys' Forum Fee Schedules. Mr. Firestone's requested 2023 rate of $425 falls within the Vaccine Program's published ranges for attorneys with his level of overall experience; therefore, the requested increase for his 2023 hourly rate shall be awarded in full. The remainder of the rates billed are consistent with what counsel and paralegals have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein.

## B.   Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health &*

---

[3] The OSM Attorneys' Forum Hourly RateFee Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

*Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear are reasonable. Therefore, petitioner is entitled to a final award of attorneys' fees in the amount of $27,551.01.

**C.     Reasonable Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $5,869.21 in costs for postage, printing and copying, and the Court's filing fee. Fees at at 16. This amount also includes expert services performed by Dr. John Trumbo at $300.00 per hour for 18 hours totaling $5,400.00. *Id*. at 39. Petitioner has provided adequate documentation supporting the requested costs and all appear reasonable in the undersigned's experience. Accordingly, petitioner is entitled to final attorneys' costs of $5,869.21.[4]

---

[4] On June 6, 2022, petitioner filed a status report requesting the expert opinions of Dr. Lawrence Steinman. (ECF No. 24). On that same day, the undersigned issued an order stating that "petitioner's request for permission to file an expert report at this juncture is premature and an unnecessary expenditure of monies. Petitioner's counsel is advised not to expend any monies on expert reports until further settlement discussions have occurred and if necessary, a status conference is held." (ECF No. 25). Although Dr. Trumbo's invoice does not contain dated billing entries, Dr. Trumbo's "Case Report" is dated December 15, 2019, and it appears from counsel's time entries that Dr. Trumbo's work concluded in December 2021. *See* Fees App. at 29; *see also* Exhibit 11. There is no indication that petitioner retained an expert after the undersigned's June 6, 2022 order, and he likewise did not bill for any expert services provided by Dr. Steinman. Nevertheless, the undersigned notes that this matter had been in settlement negotiations, and at a time where there had been no discussion or order for expert reports. Counsel is cautioned that incurring expert expenses that have not been sanctioned by the Court may result in those costs not being paid going forward.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. The undersigned hereby awards **a lump sum of $33,420.22, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and Mr. Michael Firestone.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).